[Civ. No. 6480. First Appellate District, Division One.—April 26, 1929.]

WILLIAM J. KREUZER, Appellant, v. JEAN STRADT, Respondent.

Arnold W. Liechti for Appellant.

Eric Lyders for Respondent.

TYLER, P. J.—This is an action to recover the sum of $600, which is alleged to have been paid out by the plaintiff for the use and benefit and at the request of the defendant. This allegation was denied by the defendant in his answer, and upon trial of the issue the court found in favor of the defendant and rendered judgment accordingly, from which this appeal is taken by the plaintiff.

The ground urged by appellant in support of his appeal is that the finding of the court in favor of the defendant is against the evidence.

The record discloses little, if any, dispute as to the facts giving rise to the controversy. Kreuzer, the plaintiff, and Stradt, the defendant, were fellow employees and friends. The latter, being the owner of a ranch, desired to purchase some agricultural machinery and enlisted the help of Kreuzer to this end. Stradt was also the owner of an unsecured promissory note in the sum of $500 executed by J. P. Niel, L. R. Ferris and S. M. Williams, and his wife owned a building lot, and it was understood between Kreuzer and Stradt that this note and lot must constitute the fund for the purchase of the machinery. After some effort Kreuzer entered into negotiations with the Tarantino Produce Company, of which Anthony P. Tarantino was president, which had for disposal a tractor and some farming implements, and Stradt was willing to accept these for the note and lot. Tarantino, however, did not wish to take the lot, and suggested to Kreuzer that he find a purchaser for it. The lot

some time before these negotiations had cost $562, and there was evidence in the record from which the trial court could well conclude that it was presently worth the sum of $700. Kreuzer reported to Tarantino that he was unable to find a purchaser for the lot but was willing to take it himself. No valuation had been placed upon it by Tarantino, who was not familiar with it nor its value, and took no pains to acquaint himself with these matters. He thereupon agreed with Kreuzer that the latter might have the lot, paying therefor the sum of $35, but that Kreuzer should indorse the above-mentioned note and allow the lot to stand as security for its payment. This was agreed to. The record does not disclose just how far Stradt was advised of this arrangement between Kreuzer and Tarantino, although, on the other hand, there is no direct evidence that it was concealed from him. In testifying to the transaction Stradt merely states that he gave the lot and the note in payment for the farming machinery. Thereupon a bill of sale of the machinery was made by the Tarantino Produce Company to Stradt, who, together with Kreuzer, indorsed the note to said company, and the lot was conveyed by Stradt and his wife to Mary Lamantia, sister of Tarantino, who at the same time agreed with Kreuzer in writing to reconvey it to him if and when the note should be paid. The note upon becoming due was not paid by the makers, nor is there any evidence in the record that it was ever presented for payment, or nonpayment protested, and notice given to the indorsers; but the Tarantino Produce Company commenced an action against Kreuzer and Stradt as indorsers to recover thereon. Kreuzer allowed default in that action to be taken against him, and paid the judgment, receiving from the Tarantino Produce Company an agreement in writing that the latter would proceed to take judgment against Stradt and assign it to Kreuzer, and also a conveyance from Mary Lamantia of the building lot. This payment forms the basis of the present action, it being the theory and contention of Kreuzer that in indorsing the promissory note at the request of the Tarantino Produce Company he did so purely as an accommodation to the defendant Stradt and to enable the transaction of the sale of the machinery to him to be carried through.

The record presents no such situation. The evidence discloses that defendant never requested plaintiff to indorse the note, but that he did so upon his own account and for his own benefit under the arrangement with Tarantino above set forth, his purpose manifestly being to secure a profit out of the transaction. Had the note been paid by its makers plaintiff would have acquired the lot—which there is evidence to show was of the value of $700—for practically nothing—for his activities in the matter. The note not having been paid, plaintiff nevertheless profited by his acts when he satisfied the judgment recovered against him, for he obtained the lot and in addition thereto was entitled to have assigned to him a judgment against defendant for approximately $600. The facts speak for themselves.

The judgment is affirmed.

Cashin, J., concurred.